UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Manonda Grace Lattimore,<br><br>　　　　Plaintiff<br><br>v.<br><br>U.S. Department of Labor, et al.,<br><br>　　　　Defendants | Case No.: 2:25-cv-01750-JAD-EJY<br><br>**Order Denying Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Writ of Mandamus**<br><br>[ECF Nos. 2, 3] |

　　　　Pro se plaintiff Manonda Grace Lattimore brings this lawsuit to challenge the actions taken in her administrative case before the Department of Labor's Occupational Safety and Health Administration, alleging that her employer retaliated against her for whistleblowing activity.  Along with her complaint, she filed an emergency motion for a temporary restraining order, preliminary injunction, and writ of mandamus, asking this court to enjoin the enforcement of orders recently issued in that administrative case.[1]

**A.　　Lattimore has not complied with this district's rules governing emergency motions.**

　　　　This district's local rules require that all emergency motions "be accompanied by a declaration setting forth: (1) the nature of the emergency; (2) the office addresses and telephone numbers of movant and all affected parties; and (3) a statement of movant certifying that" the parties have met and conferred but could not "resolve the matter without court action."[2]  And if the "nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was

---

[1] ECF Nos. 2, 3.

[2] L.R. 7-4(a).

precluded."[3]  The rules also state that "failure to comply with the requirements for submitting an emergency motion may result in denial of the motion."[4]  Lattimore did not comply with any of these requirements before filing her emergency motion.  That failure alone justifies denial of this motion.

**B.    Lattimore hasn't shown a likelihood of success on the merits or irreparable harm.**

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[5]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[6]  The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[7]

Just what claims Lattimore brings in this case is unclear.  Her complaint does not delineate any claims, but she does state that her First and Fifth Amendment rights were violated, along with her equal-protection rights and "Separation of Powers/Supremacy Clause."[8]  But her motion offers at most "issues to be decided," and doesn't evaluate the merits of any of her

---

[3] *Id*. (cleaned up).
[4] L.R. 7-4(c) (cleaned up).
[5] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).
[6] *Id.* at 20.
[7] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).
[8] ECF No. 1 at 13.

claims—or any factor necessary for this court to evaluate whether she has met her burden under the law to obtain the extraordinary remedy of emergency injunctive relief, for that matter. A properly supported temporary-restraining-order or preliminary-injunction motion should explain why the facts are likely to satisfy each required element of each claim the plaintiff relies on for relief. Lattimore has not done that here, so I cannot conclude that she is likely to succeed on the merits of any claim.

Nor has Lattimore shown that she is facing irreparable harm. She states that she "brings this emergency motion to protect Constitutional and Statutory Rights,"[9] but she doesn't explain why she can't achieve that through the ordinary process and instead requires emergency relief. A plaintiff has the burden to show that the harm she faces is imminent, not "conjectural or hypothetical."[10] Lattimore's barebones allegations and lack of analysis prevents this court from concluding that the harm she allegedly faces is imminent. So I deny her motion for emergency injunctive relief.

**C.    Lattimore has not shown that an emergency writ of mandamus is available.**

The common-law writ of mandamus has been abolished in the district courts,[11] but the Mandamus Act, codified at 28 U.S.C. § 1361, grants district courts "original jurisdiction of any action in the nature of mandamus" against a federal officer or agency.[12] That relief is available "only if (1) the claim is clear and certain; (2) the official's or agency's 'duty is nondiscretionary,

---

[9] ECF No. 2 at 1.

[10] *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011); *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (holding that a plaintiff must "demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

[11] *See* Fed. R. Civ. P. 81(b).

[12] 28 U.S.C. § 1361.

ministerial, and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available."[13]  A plaintiff who desires mandamus relief must "plead that these three requirements were met."[14]  Because Lattimore has not even pled the requirements for mandamus relief in her complaint, let alone shown in her motion that they are satisfied, she has not established that she is entitled to a mandamus remedy.

**D.     Lattimore's summons was rejected; new, complete forms must be submitted.**

Lattimore is advised that she will need to take all necessary steps to pursue her requested relief through litigation, as she has not established that emergency relief is appropriate.  The first step on that litigation track is to serve each defendant with legal process (which consists of a copy of the complaint and a summons issued to each defendant based on a properly and fully completed summons form).  The summons form that Lattimore gave to the Clerk's office has not been issued because it is defective:  It includes all defendants (when a separate summons must be submitted for each one), and it does not include their addresses (accurate addresses must be provided for each defendant).  **To obtain proper summonses to serve on each defendant, Lattimore must submit a separate, complete summons form for each defendant, along with their accurate address.**  It is the plaintiff's responsibility to ensure that this is completed so that she can accomplish service of process in the manner prescribed by the Federal Rules of Civil Procedure.  Lattimore is cautioned that deadlines may be running.

---

[13] *Agua Caliente Tribe of Cupeño Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)).

[14] *Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021).

4

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Manonda Grace Lattimore's motion for a temporary restraining order, preliminary injunction, and writ of mandamus **[ECF Nos. 2, 3] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
September 17, 2025